# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

SAMUEL SMOLEN,

                              Plaintiff,

                                                        DECISION and ORDER

                    -vs-
                                                        04-CV-6042

KENNETH KIELISEK, EDWARD DONNELLY,
EKPE D. EKPE,

                              Defendants

---

## APPEARANCES

For plaintiff:                    Samuel J. Smolen, *pro se*
                                  85-A-4082
                                  Attica Correctional Facility
                                  Exchange Street
                                  Attica, NY 14011

For defendants:                   Emil J. Bove, Jr.
                                  Ass't N.Y. Att'y Gen'l
                                  NYS Attorney General's Office
                                  144 Exchange Boulevard
                                  Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights case, brought pursuant to 42 U.S.C. § 1983 (2003), is before the Court on defendants' motion for partial summary judgment in accordance with Federal Rule of Civil Procedure 56(c). For the reasons stated below, the motion is granted.

**BACKGROUND**

In his complaint filed on January 30, 2004, plaintiff claims that Wende Correctional Facility ("Wende") Superintendent Edward Donnelly ("Donnelly") and First Deputy Superintendent Epke P. Epke ("Epke") violated his First, Eighth and Fourteenth Amendment rights by failing to protect him from being assaulted by Correction Officer Lanier ("Lanier") on February 1, 2001 at Wende. (Compl. at 17, 19.) Specifically, plaintiff claims that, in the weeks leading up to February 1, 2001, Epke and Donnelly ignored his complaints that he was afraid Lanier would assault him. With respect to Wende's Inmate Grievance Program ("IGP") Supervisor Kenneth Kielisek ("Kielisek"), plaintiff alleges that Kielisek violated his First and Fourteenth Amendment rights by not filing grievances concerning Officer Lanier. (*Id*. at 20.) Plaintiff is seeking compensatory and punitive damages. (*Id.* at 17, 19, 20.)

In their motion for partial summary judgment, defendants argue that: (1) Donnelly and Ekpe's alleged mishandling of the investigation does not amount to a claim under 42 U.S.C. § 1983; (2) Donnelly and Ekpe's investigations were properly conducted; (3) Kelisek's alleged failure to not file grievances concerning Lanier does not amount to a claim under 42 U.S.C. § 1983; and (4) the claims against defendants Donnelly, Kelisek and Ekpe should be dismissed because they had no personal involvement in the alleged constitutional violations. (Defs.' Mem. of Law at 2-4.)

**STANDARDS OF LAW**

***Summary Judgment Standard***

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d

Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. FED. R. CIV. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

"The Court recognizes that it must 'extend extra consideration' to pro se plaintiffs" and that "pro se parties are to be given special latitude on summary judgment motions." *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998) (Rakoff, D.J. & Peck, M.J.)

-4-

(citations & internal quotations omitted); *see, e.g., McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest'"). Moreover, the pro se party must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment. *See, e.g., Irby v. New York City Transit Auth.*, 262 F.3d 412, 413-14 (2d Cir. 2001) ("[W]e remind the district courts of this circuit, as well as summary judgment movants, of the necessity that pro se litigants have actual notice, provided in an accessible manner, of the consequences of the pro se litigant's failure to comply with the requirements of Rule 56. . . . [E]ither the district court or the moving party is to supply the pro se litigant with notice of the requirements of Rule 56. . . . In the absence of such notice or a clear understanding by the pro se litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic."); *McPherson v. Coombe*, 174 F.3d at 280-81 ("'The failure of a district court to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.'") (citations omitted).

## Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993).

***First Amendment Standard***

The First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances. *See Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). However, since inmate grievance programs created by state law are not required by the Constitution, allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim. *Cancel v. Goord*, No. 00 Civ. 2042, 2001 U.S. Dist. LEXIS 3440, 2001 WL 303713, *3 (S.D.N.Y. Mar. 29, 2001). *See Ramos v. Hanslmaier*, No. 96 Civ. 744, 1997 U.S. Dist. LEXIS 6082, *6-7 (S.D.N.Y. Feb. 19, 1997)(citations omitted), *see also Bullock v. Horn*, No. CV-99-1402, 2000 U.S. Dist. LEXIS 21573, *22-23 (M.D. Pa. 2000) (plaintiff claimed improper refusal to process grievance); *Hoover v. Watson*, 886 F. Supp. 410, 418-19 (D. Del.), *aff'd*, 74 F.3d 1226 (3d Cir. 1995); *Muhammad v. McMickens*, No. 86 Civ. 7376, 1988 U.S. Dist. LEXIS 552, *8-9 (S.D.N.Y. Jan. 25, 1988). If prison officials ignore a grievance that raises constitutional claims, an inmate can directly petition the government for redress of that claim. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991). "Therefore, the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983." *Cancel*, 2001 U.S. Dist. LEXIS 3440, 2001 WL 303713, at *3; *see also Torres v. Mazzuca*, 246 F.Supp.2d 334, 342 (S.D.N.Y.2003); *Mahotep v. DeLuca*, 3 F.Supp.2d 385, 390 (W.D.N.Y.1998).

***Failure to Protect - Eighth Amendment***

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates from both other prisoners as well as corrections officers.

*Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Matthews v. Armitage*, 36 F. Supp.2d 121, 124 (N.D.N.Y. 1999) (Homer, M.J.) *(citing, inter alia, Farmer)*. When examining a failure to protect claim under the Eighth Amendment, a court must determine whether the inmate has demonstrated that (1) he or she was incarcerated under conditions posing a substantial risk of serious harm, and that (2) prison officials exhibited deliberate indifference to the inmate's plight. *Farmer*, 511 U.S. at 834, 837; *Matthews*, 36 F. Supp.2d at 124-25; *Coronado v. Lefevre*, 886 F. Supp. 220, 224 (N.D.N.Y. 1995) (Scullin, J.). This analysis requires both an objective and subjective inquiry.

As to the objective requirement, a plaintiff must prove that an alleged deprivation is "sufficiently serious" such that it denied him or her the "minimal civilized measure of life's necessities." *Dawes v. Walker*, 239 F.3d 489, 493-94 (2nd Cir. 2001) (internal quotations and citations omitted), overruled on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Specifically, as noted above, in situations where an inmate's safety is at issue, that person must demonstrate that  he or she was incarcerated under conditions posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 837; *Dawes*, 239 F.3d at 493; *Matthews*, 36 F.Supp.2d at 124-25.

To satisfy the subjective requirement, it must be shown that defendants were deliberately indifferent to a plaintiff's plight. In other words, a plaintiff must show that prison officials actually knew of, but disregarded, an excessive risk to his health and safety -- "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Matthews*, 36 F.Supp.2d at 124-25.

***Failure to Protect - Fourteenth Amendment***

Claims involving the alleged failure of prison officials to protect an inmate from harm are also subject to review under the Fourteenth Amendment's substantive due process provision. Though the requisite mental state for establishing a Fourteenth Amendment failure to protect claim is somewhat unclear, it is at least apparent that to be legally cognizable under this provision of law, the actions alleged on the part of a defendant must transcend mere negligence. *Davidson v. Cannon*, 474 U.S. 344, 347-48, (1986) (lack of due care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (same); *Morales v. New York State Dep't of Corrs.*, 842 F.2d 27, 30 (2nd Cir. 1988) (section 1983 does not provide cause of action for negligent failure of prison officials to protect an inmate from injury); *Abdul-Matiyn v. New York State Dep't of Correctional Servs.*, 871 F. Supp. 1542, 1546-47 (N.D.N.Y. 1994) (Chin, J.) (citing Morales). In *Daniels*, 474 U.S. at 334, n. 3, the Supreme Court declined to consider whether something less than intentional conduct, such as recklessness or gross negligence, is enough to trigger the protections of the Due Process Clause. However, on this point, the Second Circuit has offered the following guidance:

> an isolated omission to act by a state prison guard does not support a claim under section 1983 absent circumstances indicating an evil intent, or recklessness, or at least deliberate indifference to the consequences of his conduct for those under his control and dependent upon him.

*Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985) (quoting *Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir. 1974)).

**DISCUSSION**

Plaintiff alleges that Donnelly and Ekpe violated his First Amendment rights by showing deliberate indifference toward plaintiff's grievances concerning Lanier. As earlier indicated, when an inmate sets forth a constitutional claim in a grievance to prison officials and the grievance is ignored, the inmate has the right to directly petition the government for redress of that claim. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). The refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983. *Id*. Consequently, in this case, plaintiff has not alleged an actionable First Amendment claim under § 1983.

Plaintiff alleges only against Kielisek that he violated plaintiff's First Amendment rights by refusing to file his grievances against Lainer and by returning plaintiff's grievances filed prior to February 1, 2003. Kielisek responds that records of the Wende IGP for grievances in 2001 show that plaintiff did not file any grievances prior to February 1, 2001. (Kielisek Decl. in Supp. of Defs.' Mot. for Partial Summ. J. ("Kielisek Decl.") (# 56), at 2.) Plaintiff counters that the grievances are not on record because "two such grievances were literally returned to the plaintiff by a former inmate staff worker without even having been processed." (Mot. in Opp'n at 4.) Regardless of this factual issue, courts have consistently held that because grievance procedures are undertaken voluntarily by New York and other states, they are not constitutionally required. *See Ramos*, 1997 U.S. Dist. LEXIS 6082 at *6-7. Therefore, Kielisek's refusal to file grievances and return plaintiff's grievances, is not actionable under § 1983. Thus, there is no genuine issue as to any material fact

concerning plaintiff's First Amendment claim and the defendants are entitled to a judgment as a matter of law.

Additionally, plaintiff contends that his Eighth Amendment rights were violated by Ekpe and Donnelly. Regardless of whether plaintiff can satisfy the objective prong, the evidence now before the Court fails to satisfy the subjective state of mind requirement. There is no evidence before the Court from which a reasonable factfinder could conclude that, even assuming awareness on the part of Ekpe and Donnelly of a substantial risk of serious harm to plaintiff's health and safety, that they disregarded the risk. In plaintiff's first letter to Ekpe, dated January 24, 2001, he requested a transfer from Wende, and alleged that Lanier had made harassing comments to him. (Decl. of Donnelly (# 55) at B.) Donnelly delegated the matter to Senior Counselor Crowley, who obtained a memo from Lainer denying the charge. (*Id*. at E.) Crowley sent a memo to plaintiff in response to his January 24, 2001 letter. The memo stated that plaintiff had previous problems following the rules and regulations with security staff in other prisons, so a transfer to a different facility would likely not help.[1] (*Id*. at C, D.)

Then, on January 26 2001, plaintiff sent a letter to Donnelly, stating that Lainer's harassment had continued, and also included allegations about Sergeant Zydel, Officer Bordeaux, and Lieutenant Ziolkowski. (*Id*. at F.) On January 29, Donnelly delegated the

---

[1]Although not relevant to the discussion at bar, Crowley also included in the memo a response to plaintiff's allegations that: "I have known enemies which D.S.S./D.G. Aidala, now at Five Points can verify - that are now here from when I was in Elmira C.F." (Donnelly Decl. at A.) Crowley responded that the Central Office investigated matters concerning enemies before transferring an inmate to Wende, and that complaints should have been directed to the area sergeant. (*Id*. at C, D.) From the context of the documents in which this issue is addressed, it appears that plaintiff was referring to other prisoner enemies, and not to staff.

complaint to Deputy Superintendent for Security Monahan ("Monahan") to subordinates for investigation. (*Id*. at B, F). Monahan then passed the matter on to Lieutenant Cooks. (*Id*. at 2.) Cooks obtained memos from Zydel, Bordeaux, and Ziolkowski, dated February 3, February 5, and February 14. (*Id*. at I, J, K.) In a memo to plaintiff dated February 16, Monahan concluded no evidence supported plaintiff's claims of harassment. (*Id*. at L.)

The temporal proximity among the January 24 and 26 letters, the delegation of the investigations on January 25 and 29, respectively, and the completion of the investigative report on February 16, shows that plaintiff's letters were treated seriously and investigated in a timely manner. Furthermore, the assigned investigator obtained witness statements from all of the named parties in plaintiff's letters. Under these circumstances, no reasonable factfinder could conclude that Donnelly and Ekpe were subjectively indifferent to a risk of harm to plaintiff prior to the February 1, 2001 incident. Consequently, defendants are entitled to summary judgment on this issue.

Plaintiff also alleges a failure to protect him from physical harm in violation of his Fourteenth Amendment rights. As indicated above, to recover under the Fourteenth Amendment for failure to protect, plaintiff must demonstrate conduct indicating an evil intent, or recklessness, or at least deliberate indifference to the consequences of defendants' conduct for those under their control and dependent upon them. *Ayers*, 780 F.2d at 209. Under this test, plaintiff cannot show that his grievances were treated by Ekpe and Donnelly with "deliberate indifference and conscious neglect." *Ayers*, 780 F.2d at 209. Once the grievances were received by Ekpe and Donnelly, they referred them to subordinates for investigation in a timely fashion. Documentation on the investigations

proves that there was a complete and thorough analysis of plaintiff's allegations, and they were found to be unsubstantiated. Therefore, there is no genuine issue as to any material fact concerning plaintiff's Fourteenth Amendment claim against Ekpe and Donnelly. As for Kielisek, plaintiff alleges that Kielisek did not process his grievances, and returned others. However, nowhere does plaintiff show, or even allege, that Kielisek possessed "an evil intent, or recklessness, or at least deliberate indifference" to plaintiff's grievances, as required to be shown in proving a Fourteenth Amendment violation. *Id.* Therefore, plaintiff will be unable to meet his burden of proof on his Fourteenth Amendment claim against Kielisek. Thus, defendants are entitled to partial summary judgment.

**CONCLUSION**

For the reasons stated above, defendant's motion (# 55) is granted. The Clerk is directed to enter judgment for defendants Ekpe, Donnelly and Kielisek. Plaintiff's remaining causes of action against J. Lanier, C. White-Shelton, M. Bishop, R. Brooks, E. Prefontaine and Sergeant Zydel for First, Eighth and Fourteenth amendment violations, J. Brauer for just Eighth and Fourteenth amendment violations and C. Jordan for only First and Fourteenth amendment violations may go forward.

Accordingly, it is hereby

ORDERED, that defendant's motion is granted.

IT IS SO ORDERED.

Dated:   August 10, 2006
         Rochester, New York

ENTER:      /s/ Charles J. Siragusa
            CHARLES J. SIRAGUSA
            United States District Judge

-12-