UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAMUEL J. SMOLEN, JR.,

                Plaintiff,

     v.

J. LANIER, et al.,

                Defendants.

_____

DECISION & ORDER

04-CV-6042CJS

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that defendant correctional officers, as well as other members of the New York State Department of Corrections, violated his constitutional rights. (Docket # 1). Currently before this Court is a motion by plaintiff for the appointment of counsel and a request that he be transferred from the state correctional facility in which he is currently incarcerated to a federal facility. (Docket # 79).[1]

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re*

---

[1] Plaintiff's motion also requested a ruling that defendants be precluded from referencing at trial the nature of his convictions, prison disciplinary record or prior lawsuits. Such motion, however, is more appropriately addressed to the trial court and is therefore denied without prejudice at this time.

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and

*Hodge*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id.*  This, plaintiff has failed to do.  Moreover, the legal issues in this case do not appear to be complex, and plaintiff has failed to offer any special reasons why appointment of counsel would be more likely to lead to a just determination.  Plaintiff's motion for the appointment of counsel (Docket # 79) is therefore denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

To the extent plaintiff requests that he be transferred from the state correctional facility in which he is incarcerated to a federal facility, this Court lacks the authority to provide plaintiff with the relief he seeks.  Plaintiff is currently incarcerated following his conviction on New York State charges.  As the result of that conviction, plaintiff is being held in the custody of the New York State Department of Corrections, which "has broad leeway in deciding where to house the inmates under its protective care."  *McFadden v. Solfaro*, 1998 WL 199923, *10 (S.D.N.Y. 1998); *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the states").  Even if New York State had a contractual arrangement with the federal Bureau of Prisons to incarcerate certain New York State prisoners in federal correctional institutions, *see Cofone v. Manson*, 594 F.2d 934, 938 (2d Cir. 1979), such an arrangement does not alter the well-recognized fact that inmates do not have the right to be placed in the facility of their choice.  *See Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *McFadden v. Solfaro*, 1998 WL 199923 at *10

("[p]risoners . . . possess no right to be placed in a particular facility"); *Sadler v. Rowland*, 2004 WL 2061518, *4 (D. Conn. 2004) ("[p]rison officials have absolute discretion in determining where an inmate will be incarcerated").  Accordingly, it is the Decision and Order of this Court that plaintiff's motion to be transferred to a federal correctional facility (Docket # 79) is denied.

Finally, plaintiff's motion makes several references to his belief that he has been retaliated against by various members of the correctional staff at the facility at which he is incarcerated.  If plaintiff seeks relief as a result of the alleged conduct, he may file a motion for leave to amend his complaint in order to include claims relating to the alleged retaliatory conduct, or file a motion for injunctive relief.  In either case, plaintiff's motion must provide detailed factual allegations upon which the desired relief is sought.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for the appointment of counsel and to be transferred to a federal correctional facility **(Docket # 79)** is **DENIED**.

**IT IS SO ORDERED.**

       *s/Marian W. Payson*
       MARIAN W. PAYSON
       United States Magistrate Judge

Dated: Rochester, New York
      July  11 , 2007