UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAMUEL J. SMOLEN, JR.,

        Plaintiff,   DECISION AND ORDER
                                                                                                  04-CV-6042 CJS

vs.

LANIER, et al.,

        Defendants.

_____

**Siragusa, J.** Before the Court is plaintiff's motion (# 80-1) for reconsideration for his written and verbal requests to be immediately removed from Attica Correctional Facility ("Attica") and his motion (# 80-2) to compel the defendants to comply with his demand to produce discovery, filed on June 21, 2007. For the reasons stated below, plaintiff's motion for reconsideration is denied and his motion to compel is referred to United States Magistrate Judge Marian Payson.

      In his complaint filed on January 30, 2004, plaintiff claims that Wende Correctional Facility ("Wende") Superintendent Edward Donnelly ("Donnelly") and First Deputy Superintendent Epke P. Epke ("Epke") violated his First, Eighth and Fourteenth Amendment rights by failing to protect him from being assaulted by Correction Officer Lanier ("Lanier") on February 1, 2001 at Wende. (Compl. at 17, 19.) Specifically, plaintiff claims that, in the weeks leading up to February 1, 2001, Epke and Donnelly ignored his complaints that he was afraid Lanier would assault him. With respect to Wende's Inmate Grievance Program ("IGP") Supervisor Kenneth Kielisek ("Kielisek"), plaintiff alleges that Kielisek violated his First and Fourteenth Amendment rights by not filing grievances

concerning Officer Lanier. (Id. at 20.) Plaintiff is seeking compensatory and punitive damages. (Id. at 17, 19, 20.)

As referenced in his motion for injunctive relief, plaintiff seeks an order from this Court directing his removal from Attica to either another state or federal correctional facility. During a video conference held on June 13, 2007, with plaintiff and defense counsel present, the Court informed plaintiff that the case before it did not include any events that happened at Attica and, therefore, the Court was without jurisdiction to enter the injunctive relief he requested. The Court did, however, state that it would make the transcript of the video conference, at which plaintiff detailed all of these allegations against corrections officers at Attica, available to the Commissioner of the New York State Department of Corrections for his review and consideration.

Accordingly, it is hereby

ORDERED, that plaintiff's motion for reconsideration (# 80-1) is denied; and it is further

ORDERED, that plaintiff's motion to compel (# 80-2) is referred to United States Magistrate Judge Marian Payson for resolution.

IT IS SO ORDERED.

DATED:    July 26, 2007
          Rochester, New York

              ENTER.


              /s/ Charles J. Siragusa
              CHARLES J. SIRAGUSA
              United States District Court